Spear, J.
i . Among other defenses urged at the trial was that of alibi. The testimony of the state tended to prove the commission by the defend of the crime charged at a particular time and place. The defendant himself and another witness called by him testified to circumstances which, if truly related, established that the defendant could not have been at the place where the crime was charged as having been committed at the time of its commission. As applicable to this testimony the defendant’s counsel requested the court to charge this: “One of the defenses interposed by the defendant in this case is what is known in law as an alibi. That is, that the defendant was at another place at the time of the commission of the crime. The court instructs you that such a defense'is as proper and as legitimate if proved as any other, and all evidence bearing on that point should be carefully considered by the jury. And if in view of all the evidence the jury have any reasonable doubt as to whether the defendant was in some other place when the said crime was committed, you should give the defendant the benefit of the doubt and find him not guilty. The court instructs you further that the defendant need not prove such alibi by a preponderance of the evidence. Neither does he need to establish it beyond a reasonable doubt, but if the evidence as introduced creates in your minds a reasonable doubt of the defendant’s guilt, then your verdict should be not guilty, even although you should not be able to find that the alibi was fully proved.” This request was refused and no equivalent instruction given in the charge. The refusal was error. Walters v. The *410 State, 39 Ohio St., 215; Lytle v. Boyer, 33 Ohio St., 506.
2. In further seeking to establish a defense the accused called a number of witnesses who testified that his general reputation in the community where he was known was.good. As bearing upon the effect of this testimony counsel for defendant requested the court to give this instruction to the jury, viz.: “The jury is further instructed that in all criminal trials where the- prosecution depends upon circumstantial evidence alone which is not conclusive in its character, previous good character on the part of the accused, if proved, is entitled to great weight in favor of innocence, and may of itself by the creation of a reasonable doubt produce an acquittal.” It was not error to refuse this instruction. The weight of the testimony is for the jury, and it would have been error to single out this class of testimony and say it was entitled to great weight. It was entitled to be considered with other evidence bearing upon the guilt or innocence of the accused, and the court would have been in the line of judicial duty as favoring a fair trial if an instruction directly embodying this rule had been given. The charge contains no instruction bearing directly on the subject. The charge as given is extremely brief and is confined to a few general propositions of law applicable to cases of this character, but does not purport to cover the salient features of the actual case made by the testimony. To avoid misunderstanding, it may be added that we do not overlook the distinction between reputation and character. The former is what people who have means of knowledge say of a person, the opinion *411 generally entertained derived from common report; the latter is what the person really is, the assemblage of qualities which distinguish one person from another. But the terms are used interchangeably in the courts and the distinction not regarded.
3. In his cross-examination of the accused the prosecuting attorney propounded to him in varying form seventeen questions with respect to whether or not he had before been arrested, and whether or not he had been confined in the penitentiary of Michigan and of Ohio, all of • which he answered in the negative. Counsel for the accused objected to the persistence of the prosecutor in this line, and, in an-argument to the court in support of his objection, insisted that, as to such collateral matters, the prosecutor was bound, by the defendant’s answers. The objections were overruled and that line of interrogatories proceeded ad libitum. In the closing argument.. to ■ the jury the prosecutor used the following language: “I am going to read you a little law in regard to the questions asked Mr. Burns yesterday” (quoting from remarks made to the court on an objection to the introduction of testimony). “If the witness while being cross-examined is asked, ‘Have you ever been convicted of burglary?’ and replies that he has not, as the defendant in this case, the interrogating party is bound by his answer. So that, gentlemen of the jury, when the defendant’s attorney makes a great howl because I failed to introduce records of the Ohio penitentiary to show Mr. Burns had been an inmate there, it is all foolishness and the defendant’s attorney knows better. They know I would not be allowed to introduce *412 the record to show that Mr. Burns was in the penitentiary and Mr. DeGolley, Jr., argued to the court yesterday that very law that the state was bound by the answer. I say, gentlemen of the jury, that is the reason I couldn’t introduce the record of the penitentiary to show that Mr. Burns had been there.” This statement was improper, and should have been so characterized by the court at the time. It carried to the jury an assumption that the record would, had the state been permitted to offer it, show that the accused had been an inmate of the penitentiary.
We are not concerned to inquire as to the guilt or innocence of the accused. Whether guilty or not, he was entitled, as is every person charged with crime, to a fair trial. That was not accorded him.
The judgments of the courts below will be reversed and the cause remanded for further proceedings according to law.

Reversed and remanded.

Shauck, C. J., Price, Crew, Summers and Davis, JJ., concur.